**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CASE NO. 5:09-CV-98**

ELIZABETH THIES and GLORIA
THIES, CONSERVATOR FOR MT a minor                        PLAINTIFFS

v.

LIFE INSURANCE COMPANY OF
NORTH AMERICA                                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Plaintiffs' Brief in Support of Plaintiffs' Proposed

Scheduling Order (Docket #15), and Defendant's Brief Regarding Proposed Scheduling Order

(Docket #14).  Both parties have responded (Docket # 16, 17).  This matter is now ripe for

adjudication.

**BACKGROUND**

This action involves the denial of accidental death benefits under a group accident policy

offered by Life Insurance Company of North America ("LINA").  Wade Thies was the insured.

Under the policy, if Mr. Thies were to die as the result of an accident, the insurance policy would

provide benefits for Mr. Thies's beneficiaries.  Mr. Thies died on May 29, 2006, in a jet ski

accident in which he received blunt force injuries.  The medical examiner found on July 6, 2006,

that Mr. Thies's post-mortem blood alcohol level was 0.223 gm/100, and that acute alcohol

intoxication, as a result of the blunt force injuries, was the cause of death.

Following Mr. Thies's death, his beneficiaries submitted a claim for benefits to LINA.

On November 10, 2006, LINA denied this claim, finding that the basis for Mr. Thies's death was

not an accident (on account of Mr. Thies's intoxication).  On January 5, 2007, Thies's estate

appealed the denial of benefits.  LINA denied the appeal on April 11, 2007.  LINA explained

that "all administrative levels of appeal have been exhausted and we cannot honor any further appeals on this claim." On May 11, 2007, the estate asked LINA to reconsider its decision. LINA replied on May 24, 2007, that no further appeals would be considered.

On May 12, 2009, Plaintiffs' current attorney submitted additional documentation to LINA. These documents included two expert forensic opinions and an investigative report, all of which attempted to refute the medical examiner's findings. The reports state that Mr. Thies's blood alcohol level at the time of death may have been alcohol generated postmortem due to bacterial fermentation, and those who last saw Mr. Thies alive believed he was unimpaired and did not have alcohol with him. On May 29, 2009, LINA informed Plaintiffs that no further appeals were available on the claim. Subsequently, Plaintiffs filed the present lawsuit.

The Court held a telephonic scheduling conference on September 30, 2009. The Court ordered simultaneous briefs to be filed by the parties regarding a proposed scheduling order and discovery. Both parties filed their briefs and responses.

## DISCUSSION

"The existence of an ERISA plan is a question of fact, to be answered in light of all the surrounding circumstances and facts from the point of view of a reasonable person." *Thompson v. American Home Assur. Co.*, 95 F.3d 429, 434 (6th Cir. 1996). The Court follows a three-step factual inquiry:

> First, the court must apply the so-called "safe harbor" regulations established by the Department of Labor to determine whether the program was exempt from ERISA. . . . Second, the court must look to see if there was a "plan" by inquiring whether "from the surrounding circumstances a reasonable person [could] ascertain the intended benefits, the class of beneficiaries, the source of financing, and procedures for receiving benefits. . . . Finally, the court must ask whether the employer "established or maintained" the plan with the intent of providing benefits to its employees.

2

*Id.* at 434-35 (citations omitted).  Plaintiffs argue that ERISA may not be applicable to the policy in question because the policy falls within the "safe harbor" provision.

An insurance policy is excluded under the "safe harbor" provision if: "(1) the employer makes no contribution to the policy; (2) employee participation in the policy is completely voluntary; (3) the employer's sole functions are, without endorsing the policy, to permit the insurer to publicize the policy to employees, collect premiums through payroll deductions and remit them to the insurer; and (4) the employer receives no consideration in connection with the policy other than reasonable compensation for administrative services actually rendered with payroll deduction." *Id.* at 435 (citing 29 C.F.R. § 2510.3-1(j)).  All four requirements must be satisfied.  *Id.* (citing *Fugarino v. Hartford Life and Accident Ins. Co.*, 969 F.2d 178, 184 (6th Cir. 1992)).

The Court lacks sufficient factual information to make a determination as to whether or not the insurance policy at issue falls within the "safe harbor" provision.  Plaintiffs question whether Mr. Thies paid some or all of the premium.  If he paid the entire premium, his employer did not make any contribution, and the "safe harbor" provision may apply.  Because Plaintiffs must show that all four requirements of the "safe harbor" provision have been met, the Court will permit limited discovery into the following issues: whether Mr. Thies's employer made any contribution to the Plan; whether employee participation in the Plan was completely voluntary; whether Mr. Thies's employer's sole functions related to the Plan were to permit Defendant to publicize the Plan, collect premiums, and remit payments to Defendant; and whether Mr. Thies's employer received any compensation other than for administrative services.  If Plaintiffs cannot satisfy one of the "safe harbor" requirements, the provision does not apply, and ERISA will be

deemed the governing law in this case.  Therefore, **IT IS HEREBY ORDERED** that:

1.      Plaintiffs shall have until **February 1, 2010,** to conduct discovery as to the four issues

         laid out above;

2.      A status conference is set for **February 10, 2010, at 8:30 a.m.**

4