UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:09-CV-00098

ELIZABETH THIES and
MATTHEW THIES                                                                                       PLAINTIFFS

v.

LIFE INSURANCE COMPANY
OF NORTH AMERICA                                                                                 DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Plaintiffs' motion to reopen the case and establish a scheduling order. (Pls.' Mot., Docket Number ("DN") 89.) The Defendant has responded. (Def.'s Resp., DN 91.) The Plaintiffs have replied. (Pls.' Reply, DN 94.) Having considered the matter and being fully advised, the Plaintiffs' motion is **DENIED**.

**I.**

In this action arising under the Employee Retirement Income Security Act of 1974 ("ERISA") the Court must determine whether a plaintiff may reopen a case and seek prejudgment interest and disgorgement of profits when, on remand, the plaintiff received payment of benefits under the policy. The Court holds that where benefits have been paid on remand there is no "eligibility determination" within the meaning of *Bowers v. Sheet Metal Workers Nat'l Pension Fund*, 365 F.3d 535 (6th Cir. 2004), for the plaintiff to challenge in front of the remanding court. This does not mean, however, that the plaintiff is barred from seeking interest on the delayed award of benefits. Where benefits have been paid on remand, and a plaintiff seeks interest or disgorgement of profits on that award, the plaintiff should, like the Plaintiffs in this action, bring a new case under ERISA's equitable remedy statute, 29 U.S.C. § 1132(a)(3).

1

**II.**

In *Thies v. Life Ins. Co. of N. Am.*, 804 F. Supp. 2d 560 (W.D. Ky. 2011), this Court held that the Defendant's denial of the Plaintiffs' claim for benefits was arbitrary and capricious. As a result, the Court remanded the benefits determination to the plan administrator for a full and fair review. *See id.* at 573-75. Because the Court remanded the matter instead of directly awarding benefits to the Plaintiffs, it determined that an award of prejudgment interest on past due benefits was inappropriate. *Id.* at 575. This was not to say that the Plaintiffs were forever precluded from seeking prejudgment interest in subsequent proceedings. Rather, the Court declined to award prejudgment interest at that stage because no judgment had been entered.

On remand, and after consideration of additional materials submitted by the Plaintiffs, the Defendant awarded benefits. (Def.'s Resp., DN 91, p. 2.) The Defendant admits that the award of benefits did not include payment of prejudgment interest. (*Id.*) The Plaintiffs now seek to reopen this action and recover prejudgment interest on the delayed award of benefits.

**III.**

Both parties rely on *Bowers v. Sheet Metal Workers' Nat'l Pension Fund*, 365 F.3d 535 (6th Cir. 2004), as authority for their arguments in favor of or against reopening this case. In *Bowers*, the plaintiff challenged a denial of benefits by the defendant. *Id.* at 536. The district court ultimately remanded the benefits determination to the plan administrator for further review, and the defendant sought to appeal the remand order. *Id.* The Sixth Circuit determined that it lacked jurisdiction to hear the appeal because "an order remanding a claim to a plan administrator for a determination of the merits of the claim does not constitute a final decision." *Id.* In coming to this conclusion, the court also held that the remanding court retains jurisdiction over the case, "permitting either party to challenge the eligibility determination that the plan

administrator renders on remand." *Id.* at 537.

Relying on *Bowers*, the Defendant argues that this case is closed because benefits were awarded to the Plaintiffs on remand, leaving them without an "eligibility determination" to challenge before Court.  The Court agrees with the Defendant's reading of *Bowers*.  Where benefits are awarded pursuant to the terms of the policy on remand, there is no eligibility determination to challenge in front of the remanding court.  The defendant making the award cannot challenge its own decision, and the plaintiff receiving the benefits has no eligibility decision to challenge because it actually received benefits pursuant to the policy.  Although not expressly stated in *Bowers*, logic dictates that a district court remanding a benefits determination to the plan administrator retains jurisdiction only over eligibility determinations that are adverse to the plaintiff.  *See KcKay v. Reliance Std. Life Ins. Co.*, No. 1:06-CV-00267, 2008 WL 4615787 (E.D. Tenn. Oct. 16, 2008) (reopening the action when plaintiff's claims were denied by the defendant after remand from the district court).

This is not the end of the inquiry, however.  Finding that the Plaintiffs have no "eligibility determination" to challenge, the Court must confront a glaring issue.  Here, the Plaintiffs are not seeking to reopen this case in order to challenge the Defendant's eligibility decision.  Instead, they seek to recover prejudgment interest that the Defendant freely admits to excluding from the benefit award.

The possibility that the Defendant could preclude the Plaintiffs from recovering prejudgment interest by awarding benefits on remand is of substantial concern to the Court.  To allow a plan administrator to award benefits on remand but escape payment of interest that has accrued on those benefits during the delay is inequitable at best and procedural trickery at worst. In such circumstances, the correct approach to remedying this inequity is to proceed as the

3

Plaintiffs here. In *Thies v. Life Ins. Co. of N. Am.*, No. 5:12-CV-00081 (W.D. Ky. 2012) ("*Thies II*"), the Plaintiffs have filed a second case against the Defendant and seek to recover interest and possible disgorgement of profits earned on the benefits for the period they were held by the Defendant. In a separate opinion entered on this day in *Thies II*, the Court explained why the second suit is not barred by *res judicata*. *See Thies II*, 5:12-CV-00081, Mem. Op. & Order of Feb. 14, 2013, DN 11.

Some courts have allowed plaintiffs to bring claims for prejudgment interest in the underlying action after benefits were awarded on remand. *See Archer v. United Techs. Corp.*, No. 3:07-CV-1485-M, 2009 WL 2842773 (N.D. Tex. Sept. 1, 2009); *Collinsworth v. AIG Life Ins. Co.*, No. 3:04-CV-1397-M, 2007 WL 4965041 (N.D. Tex. Feb. 27, 2007). In rejecting this approach, the Court relies on the principles and reasoning set forth by the Third Circuit Court of Appeals in *Skretvedt v. E.I. DuPont De Demours*, 372 F.3d 193 (3d Cir. 2004). In *Skretvedt*, the court held that a plaintiff may only pursue prejudgment interest as a legal remedy through 29 U.S.C. § 1132(a)(1)(B) where the court has rendered a judgment. *Id.* at 195-96, 205-08. But, in circumstances like those in the case *sub judice*, where a plaintiff is seeking interest on benefits paid after a delay and not awarded as the result of a judgment, the court found that recovery of interest is properly pursued as an equitable remedy under 29 U.S.C. § 1132(a)(3). *Id.* at 196, 208-15.

The Plaintiffs in this case have filed a second suit against the Defendant seeking interest and disgorgement of profits as an equitable remedy pursuant to § 1132(a)(3). Based on the Court's reading of *Skretvedt*, this is the proper procedure to follow when seeking to recover interest on benefits paid after a remand to the plan administrator by the district court.

In conclusion, the Plaintiffs may not seek prejudgment interest in this action because

there was no eligibility determination to challenge after benefits were awarded by the Defendant on remand. Because this Court never entered a judgment, it cannot award prejudgment interest on the delayed benefits. To the extent that interest or disgorged profits may be due on the delayed award, a plaintiff may institute a second suit and pursue that recovery as an equitable remedy pursuant to § 1132(a)(3).

## CONCLUSION

The Plaintiffs moved to reopen this action and establish a scheduling order. For all the foregoing reasons, **IT HEREBY ORDERED** that the Plaintiffs' motion is **DENIED**. The Plaintiffs' motion to refer this action to mediation (DN 90) is **DISMISSED AS MOOT**.